GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ  85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR21-0263-TUC-JCH (BGM) |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| vs. | |
| Anna Olga Alcantar, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby files its Sentencing Memorandum for the defendant, Anna Olga Alcantar, in the above-referenced case.  Sentencing is scheduled before this Court for May 28, 2021.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS AND PROCEDURAL HISTORY

The defendant, Anna Olga Alcantar (hereinafter "the defendant"), unlawfully purchased a firearm on behalf of a convicted felon and smuggled or assisted with smuggling the firearm into Mexico.  The facts specific to the defendant's involvement are as follows:

On January 16, 2020, Joel Adan Campos attempted to purchase a Browning Hi Point 9mm pistol for the purpose of smuggling it to Mexico.  Campos was asked to acquire this firearm by "Jim," an associate in Mexico.  Because he is a convicted felon, Campos was unsuccessful in acquiring the firearm and subsequently requested that the defendant –

his girlfriend, with whom he has children – purchase the firearm for him and smuggle it into Mexico to provide to "Jim."

The defendant then ordered and paid for a Browning model Hi Power 9mm pistol from Sahuarita Guns, a federally licensed dealer of firearms in Arizona, at the request and direction of Campos. In connection with the purchase of this firearm, the defendant completed ATF Form 4473, in which she stated that she was the actual transferee/buyer of the firearm and was not acquiring it for another individual, when in fact she was purchasing the firearm on behalf of Campos and at his request and direction.

On January 23, 2020, the defendant returned to Sahuarita Guns and took possession of the firearm she had purchased on January 16, 2020. She, Campos, and "Jim" then made arrangements for the defendant to provide the firearm to "Jim" in Mexico. On January 24, 2020, the defendant exited the United States in a vehicle and took the firearm into Mexico where she provided it to "Jim." Shortly thereafter the same day, she re-entered the United States on foot.

On August 20, 2020, the defendant was charged by complaint with Making a False Statement in Connection with the Acquisition of a Firearm. On February 26, 2021, she pleaded guilty to an Information charging the same offense. Sentencing is scheduled before this Court for May 28, 2021.

## II.    APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the sentencing guideline calculations in the Presentence Report. The defendant's base offense is 14 pursuant to U.S.S.G. § 2K2.1(a)(6). Four levels are added pursuant to § 2K2.1(b)(6)(A) because the defendant took the firearm into Mexico. Three levels are subtracted pursuant to § 3E1.1(a) and (b) for acceptance of responsibility, for a total offense level of 15. Although there is no plea agreement between the parties in this case, the government has agreed to recommend a one-level departure, pursuant to § 5K2.0, because the defendant saved additional resources by waiving her right to indictment and pleading guilty to an Information while the federal

2

grand jury in this District was not in session during the COVID-19 pandemic. Should this Court accept the government's recommendation, the final offense level would be 14, for a sentencing guideline range of 15 to 21 months imprisonment based on the defendant's Criminal History Category of I. The government submits that no additional grounds for a departure or variance exist in this case.

### III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government requests that this Court sentence the defendant to a sentence of between 15 and 21 months, the sentencing guideline range for offense level 14 and Criminal History Category I. The government believes this sentence appropriately reflects the severity of the offense and the individual characteristics of the defendant.

The defendant's criminal conduct in this case is serious. She unlawfully purchased a firearm on behalf of her boyfriend, a convicted felon. She made arrangements with her boyfriend and an associate in Mexico to provide the firearm to the associate, and then unlawfully took the firearm into Mexico where she gave it to the associate. She is fortunate she was not charged with smuggling goods from the United States in addition to her offense of conviction.

Of significant concern is the fact that the defendant's offense of conviction involves making an intentional false statement, and that she continues to make false statements about her criminal conduct. On January 24, 2020, she told CBP officers that she had purchased a firearm earlier that day and accidentally took it into Mexico, when in fact she had purchased the firearm a week prior and took possession of it the previous day, and her boyfriend's text messages showed that she had intentionally taken the firearm into Mexico and provided it to "Jim." On April 13, 2020, the defendant told HSI agents that she brought the firearm back into the United States and that it was at her mother's house, when her boyfriend's text messages showed that "Jim" was in fact in possession of the firearm. These repeated false statements by the defendant demonstrate that she lacks remorse for

her offense, has not learned from her experience in this case, and poses a danger to reoffend.

The defendant is fortunate to fall within Criminal History Category of I, as she has two uncounted prior misdemeanor convictions. Of particular concern is that she failed to appear at three court hearings for one of these misdemeanor matters, which suggests that she is unlikely to abide by court orders and is a poor candidate for a sentence of probation. Given the circumstances of the offense and individual characteristics of the defendant, the government believes a sentence within the guideline range of 15 to 21 months imprisonment is appropriate and no greater than necessary to accomplish the statutory goals of sentencing.

## IV.    CONCLUSION

For the reasons discussed herein, the government respectfully requests that this Court sentence the defendant to between 15 and 21 months imprisonment. The government submits that this sentence is appropriate based on the facts and circumstances of the offense and the individual characteristics of the defendant.

Respectfully submitted this 21st day of May, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/ Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 21st day of May, 2021, to:

Fernanda Munoz, AFPD
Attorney for Defendant Anna Olga Alcantar

4